DOUGLASS, *Appellant*, v. THE DOUGLASS BAGGING COMPANY *et al.*

**Mortgages and Deeds of Trust**: SATISFACTION, AUTHORITY TO ENTER. Where plaintiff held notes secured by a mortgage executed by a corporation and indorsed them in blank to her son, the president of the corporation, to enable him to raise money for the corporation, and he pledged them to a bank as collateral in making the loan, and the corporation afterwards negotiated another loan for a larger sum with the same bank and gave a new mortgage as security, and the bank, with the knowledge of the son, paid the first loan with a part of the proceeds of the second, and discharged the first mortgage, the plaintiff cannot maintain a suit in equity to have the entry of satisfaction of the mortgage cancelled and set aside.

*Appeal from St. Louis City Circuit Court.*—HON. GEORGE W. LUBKE, Judge.

AFFIRMED.

*Glover & Shepley* and *George H. Shields* for appellant.

(1) Notice to Hoffman or any director is notice to the bank. *Gaston v. Bank*, 29 N. J. Eq. 98. Notice to the cashier is notice to the bank. *Trenton Banking Co. v. Woodruff*, 2 N. J. Eq. [1 Green.] 117; 3 N. Y. [3 Com.] 156; *Bank v. Wulfekiller*, 19 Kan. 60; *Bank v. Thomas*, 2 Mo. App. 367. (2) Where there is actual notice that Mrs. Douglass was the real owner of the notes in question, this removes the transaction from the principles applied to negotiable paper. *Cravens v. Gillilan*, 63 Mo. 28; *Bank v. Gay*, 63 Mo. 33; *Bank v. Dunn*, 62 Mo. 79; *Bank v. Davis*, 2 Hill, 451; Chitty on Bills, secs. 198, 200; 47 Mo. 304; 64 Mo. 507; 22 Wis. 473; 37 Conn. 213; Wade on Notice, secs. 50, 70,

Douglass v. The Douglass Bagging Co.

657. (3) Notice to the agent is notice to the principal. 6 Paige, 189 ; 2 Sugden on Vendors, 532 ; 11 Wall. 366 ; 17 C. B. [N. S.] 466 ; 33 Vt. 252 ; 43 N. H. 402 ; Lindley on Part. 294 ; 19 Iowa, 467 ; 3 Story, 600 ; 4 Wheat. 466. (4) Actual knowledge of a prior unregistered deed post-pones the purchaser. 19 Wend. 339 ; 34 Conn. 501 ; 4 Halst. 193 ; 8 B. Mon. 442 ; Perry on Trusts, sec. 221. (5) A mortgage wrongfully discharged or cancelled may be en-forced against subsequent purchasers with notice. 82 N. Y. 32 ; 43 Mo. 153. (6) If the lien cannot be restored a personal judgment may be rendered against the person who induced the wrongful making of the release. 4 Abb. App. [N. Y.] 297 ; 2 Jones on Mort. 69. (7) There is no ratification without full knowledge. Angell & Ames on Corp. 517 ; 32 Pa. St. 340. (8) When a recorded mortgage is discharged by other than the mortgagee all parties are bound to full inquiry as to his authority to discharge it. 5 N. Y. 301 ; 31 N. J. Eq. 536 ; 2 Jones on Mort. 58. (9) An unauthorized cancellation is void, and the court will order it reinstated as against a subse-quent purchaser with notice. *Lynch v. Hancock*, 14 S. C. 66, 85 ; 2 Jones on Mort. 59. (10) Purchasers *pendente lite* acquire no title. 11. Ves. 197 ; 2 V. & Beame, 105 ; Story's Eq. Jur. 390 ; 5 Vroom, 150 ; 1 Johns. Ch. 574. (11) Notice that Mrs. Douglass was the owner of the note is actual notice of all the facts which could have been learned from her by inquiry. 17 L. J. Ch. 121 ; 17 Vt. 329 ; 9 Ct. 286. (12) The bill may properly pray for a reinstatement of the mortgage, or a judgment against the wrongful releasor. 2 H. L. 280 ; 9 Mod. 312 ; 8 Beav. 106.

*Chas. E. Pearce* for respondents.

(1) This proceeding is purely in equity for the reinstatement and foreclosure of the mortgage claimed to be fraudulently released. *Riley v. McCord*, 24 Mo.

268; *Fithian v. Monks*, 43 Mo. 518. (2) A proceeding for the foreclosure of a mortgage under the statute of Missouri, is a proceeding at law and not in equity, and the jurisdiction is to be exercised, not according to the doctrines and practices of equity, but according to the practice and principles of law. *Smith v. Finn*, 77 Mo. 499; *Carr v. Hollbrook*, 1 Mo. 240; *Mayer v. Campbell*, 9 Mo. 280; *Mason v. Bernard*, 36 Mo. 384; *Fithian v. Monks*, 43 Mo. 502; *Smith v. Rollins*, 25 Mo. 408; *Pomeroy v. Benton*, 31 Mo. 417. (3) An entry of satisfaction by one not authorized is an absolute nullity and if the president of the bank had not authority the petition presents no case for equitable relief. *Joerdens v. Schrimpf*, 77 Mo. 383; 9 Mo. App. 77. (4) The bank and other defendants are not affected by the limitations of the stipulation between plaintiff and her son of which they were not aware until after the acquirement of their respective interests. *Hamilton v. Marks*, 63 Mo. 167. (5) The acts of the Douglass Bagging Company, in lawful possession of these securities, were binding upon plaintiff. (6) Plaintiff had, as between herself and the bank, no claim until she had tendered the amount loaned by the bank. (7) Plaintiff must do equity before she can ask equity. (8) The authorizing, by plaintiff, of her son, Douglass, and her brother, McPherson, to act for her in connection with her interests in the Douglass Bagging Company, made them her agents, so that their agreements, in connection with the seventy-five thousand dollars loan, and their release of the "Ingraham mortgage," became, in law, her act. (9) Plaintiff's knowledge of the transactions, which led to, and were connected with, the release of the "Ingraham mortgage," at the time of their occurrence, without dissent or protest, and accepting the benefits thereby accruing, was a ratification of the acts. (10) Her indorsement of the note executed to her by the Douglass Bagging Company, and secured in the "Whalen mort-

Douglass v. The Douglass Bagging Co.

gage," and her demand for the foreclosure of said mortgage is a ratification in law.

*Krum & Jonas* for the Valley National Bank and Samuel E. Hoffman, respondents.

(1) The entry of satisfaction of the mortgage was either authorized by the appellant in the first instance, or was approved and ratified by her afterwards. (*a*) No other conclusion can be legitimately reached in view of the evidence in the cause. (*b*) This court, in equity causes, defers to the findings of trial courts on matters of fact. *Chouteau v. Allen,* 70 Mo. 336; *Chapman v. McIlwrath,* 77 Mo. 43; *Hendricks v. Woods,* 78 Mo. 599; *Royle v. Jones,* 79 Mo. 406. (*c*) The finding by the court below was against the appellant upon the merits of the controversy. (2) The petition states no ground of equitable relief against either the respondent, The Valley National Bank, or the respondent, Samuel E. Hoffman. (*a*) The proceeding is in equity to obtain a decree of foreclosure. The proceeding is not at law. The prayer of the petition is merely that of an ordinary bill in equity to foreclose. *Riley v. McCord,* 24 Mo. 265; *Fithian v. Monks,* 43 Mo. 518. (*b*) The proceeding being in equity, the appellant seeks two results, to have the release of the mortgage vacated and the lien of the mortgage restored, and to obtain foreclosure of the mortgage as restored. But in these matters respondents, Hoffman and the bank, are shown to have no interest. (*c*) The appellant has a complete remedy at law. She may sell under her deed of trust, buy in the property, and in ejectment to recover possession show, if it be the fact, that the release of the deed was made without her authority. *Valle v. Iron Co.,* 27 Mo. 455; *Chappell v. Allen,* 38 Mo. 213; *Joerdens v. Schrimpf,* 77 Mo. 383.

SHERWOOD, J.—This is a proceeding in equity,

whereby it is sought to have cancelled and for naught held the entry of satisfaction made on the margin of the record of the Ingraham mortgage, which mortgage was executed to Ingraham by the Douglass Bagging Company, which notes were afterwards transferred to plaintiff by Ingraham. It is claimed in the petition that the entry of satisfaction, thus sought to be cancelled, was made wrongfully and without authority by Hoffman, as president of the Valley National Bank, into whose hands the notes had come in due course of business, being endorsed in blank by the plaintiff, and pledged to the bank as collateral for the purpose of raising money for the company by her agent and son, the president of the company. This mortgage, or deed of trust, as it is termed, was a first lien on the property of the Bagging Company. Under a second deed of trust made by that company to Chas. E. Pearce, as trustee, to secure an issue of one hundred thousand dollars of that company's bonds, the property in question was sold, and Wm. N. Pearce, Joel Wood, and Jno. D. Filley became the purchasers, receiving the trustee's deed. And these parties were also purchasers of the same property at a sheriff's sale, made under a judgment recovered by the Valley National Bank against the Douglass Bagging Company, at which sale they received the sheriff's deed. Subsequently to this last purchase, and pending the present proceeding, they conveyed the property to the defendant, the Standard Bagging Company.

After the execution of the deed of trust to secure the issue of one hundred thousand dollars as aforesaid, and prior to any sale of the property, the Douglass Bagging Company executed its deed of trust to defendant, Gardner, to secure the payment of certain notes to defendants, Catherine Whalen and others. The petition of the plaintiff concludes with a prayer for the cancellation of the entry of satisfaction on the margin of the record of the Ingraham mortgage; that an account be

taken of the principal and interest of the notes secured by that mortgage, and that, in the default of the payment of the same, that said mortgage be foreclosed to satisfy the debt due plaintiff, and the property sold, and for other and future relief. The answers of the defendants put in issue those allegations of the petition upon which the plaintiff relied for the relief sought,

Hon. George W. Lubke, the learned circuit judge before whom this cause was heard, took the cause under advisement at the April term, and at the October term delivered an elaborate and carefully prepared opinion, in which he fully discussed the evidence contained in this voluminous record in all its bearings, and reaching the conclusion that plaintiff was entitled to no relief, dismissed her petition. The careful and exhaustive manner in which the evidence in this cause has been discussed by the lower court, makes the pathway of adjudication in this court a very plain one. The issues are narrowed down to a very small compass. If the plaintiff placed her notes, indorsed in blank, in the hands of her son, and thus gave him an apparent ownership or authority to transfer them to the Valley National Bank, no secret agreement restricting his authority would be of any avail as against the claims of an innocent transferee or pledgee of such notes. But in addition to this apparent authority, the secret written agreement entered into at the time, between the plaintiff and her son, gave him express authority to use as collateral said notes in making a loan at banks to pay off and cancel a second mortgage then existing in favor of Jones and Gratz. Those notes were thus delivered to the son for this purpose against the earnest protest and advice of Charles E. Pearce, then the attorney of the plaintiff; the notes were pledged to the Valley National Bank, as collateral; a loan effected, and the mortgage mentioned paid off. After this, the recording of the bonded mortgage alarmed the unsecured creditors

of the Bagging Company, and their demands became more pressing, and an assignment was talked of. Ralli Brothers, whose demand was some six thousand dollars, sued out an attachment. On the day this was done, a meeting of the directors of the Bagging Company was held, and a proposal of Chas. E. Pearce, Filley, and McPherson was accepted to loan the company their notes for twenty-five thousand dollars, respectively, for use in bank, on condition that the company should give each of them similar notes with one-third of the issue of ten thousand dollars as collateral, and as a bonus, one hundred shares each of the shares of stock of the company, and also should give them during the continuance of their liability on their notes, the exclusive control of the company.

These three notes being offered to the Valley National Bank, for discount, on behalf of the company, they were accepted upon condition that the bonds also be pledged as collateral, the discount to be repaid in six months, and the proceeds of the discount, seventy-five thousand dollars, to be used, first, for extinguishing the forty thousand dollars then held by the bank against the company; next, the satisfaction of the attachment demand of Ralli Brothers, and the residue to the further maintenance of the company. This arrangement was consummated on the same day at the bank, and all prior transactions between the bank and the company adjusted, a check given to plaintiff's son to pay off the Ralli Brothers' claim, and as a part of the same transaction, Hoffman, the president of the bank, got out the Ingraham notes and mortgage, in the presence of plaintiff's son, Pearce, McPherson, and Filley, and announced his intention of having the mortgage released of record by the bank as holder of the notes and mortgage, which he then proceeded to do; at the same time plaintiff's son and agent took the check, at the suggestion of Hoffman, and released the attachment of Ralli Brothers.

It is also in evidence that the arrangement, just mentioned, was made with the distinct understanding on the part of the bank and of Pearce, Filley, and McPherson, that the bonded mortgage should become the first lien on the property.

There was some conflict of testimony on these points, but the testimony largely preponderates in favor of the view taken by the circuit court, that express assent was given by McPherson, and by Ed. S. Douglass, the son, to the release of the Ingraham mortgage, and that the bonded mortgage should be the first lien. In addition to this preponderance of testimony to which I have referred, is to be considered the great improbability that the bank would make such a large loan upon a second mortgage. And abundant confirmation of this view is found in the fact that, on the next day after the release of the Ingraham mortgage, a meeting of the directors of the Bagging Company was held, at which McPherson and Ed. S. Douglass were present, at which a resolution was unanimously adopted, reciting that the plaintiff had consented to the release of her mortgage lien in order to enable the company to perfect its financial arrangements in borrowing seventy-five thousand dollars, on its bonds, and that, therefore, the company by the resolution transferred its bonds to her, subject to the loan of the seventy-five thousand dollars, such bonds to be as collateral security to her for the amount of her mortgage lien. The minutes of this meeting were subsequently signed by Ed. S. Douglass, plaintiff's son, as having been read and found correct. There is also testimony showing that a copy of the resolution was read to the plaintiff, and she expressed her satisfaction with the arrangement which it recited, and when reminded by Chas. E. Pearce of his protests against her loaning her money to the company, she replied that she would do it again to help her son. There is conflict, however, in the evidence on this point;

but the trial court found in favor of the fact of her knowledge of the resolution, of her ratification of the transaction shortly after its occurrence, and of her prior authorization of the acts of her son which led to the Ingraham notes being first pledged as collateral and of the mortgage given to secure them being ultimately released.

On many occasions, this court has laid down the rule that even in equity cases it will yield to a certain extent to the conclusions of a trial court on matters of fact, where the correctness of such conclusions frequently depends in a large degree upon the manner of the witness when testifying. *Mathias v. O'Neill, post,* p. 520, and cas. cit. In this case, however, I see no special reason for invoking the customary rule, as the evidence on all the points mentioned is of a very convincing nature.

Something has been said about the parties to this proceeding; but this being one in equity it was proper that all parties, claiming an interest in the subject-matter in controversy, should be brought before the court in order that all adverse rights and conflicting claims could be adjusted at one time and in one decree.

The judgment is affirmed. All concur.